# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH LANDRY** | **CIVIL ACTION** |
| **VERSUS** | |
| **KEITH COOLEY, WARDEN** | **NO. 15-178-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judges Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGES REPORT.

Signed in Baton Rouge, Louisiana, on November 27, 2017.

                                                      **RICHARD L. BOURGEOIS, JR.**
                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH LANDRY                                                                              CIVIL ACTION

VERSUS

KEITH COOLEY, WARDEN                                                           NO. 15-178-SDD-RLB

**MAGISTRATE JUDGES REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioners application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (R. Doc. 1). The State has filed an opposition to the petitioners application. (R. Doc. 10). There is no need for oral argument or for an evidentiary hearing.

On or about February 17, 2015, the *pro se* petitioner, an inmate now confined at the Allen Correctional Facility, Kinder, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence as a habitual offender, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**Procedural History**

On August 13, 2009, the petitioner was found guilty of one count of vehicular homicide and one court of first degree vehicular negligent injuring, and on September 24, 2009 was sentenced to seventeen years to be served at hard labor, without benefit of probation, parole, or suspension of sentence as to the first count, and five years to be served at hard labor, without benefit of probation, parole, or suspension of sentence as to the second count, to run consecutively to each other.

On April 5, 2010, the State filed a bill of information alleging that the petitioner was a habitual offender. Petitioner filed a motion to quash the bill of information on October 18, 2010.

On December 6, 2010, the trial court found the petitioner to be a second felony offender pursuant to the provisions of La. R.S. 15:529.1, vacated the previously imposed sentences, and imposed a forty-two and one-half year sentence for vehicular homicide and six and one-quarter year sentence for first degree vehicular negligent injuring, to run consecutively.

On April 11, 2011, the petitioner, through his counsel Jeffrey Oglesbee, filed a "Motion and Order to Vacate Adjudication of Guilty Plea or in the Alternative Withdraw Guilty Plea." The trial court denied the motion on April 18, 2011.

On May 5, 2011, the petitioner, through his counsel, filed a "Notice of Intent to Apply for Supervisory Writ." The petitioner filed the application for supervisory writ on June 20, 2011.

On August 15, 2011, the Louisiana First Circuit Court of Appeal denied the writ on the basis that it "failed to include a copy of the transcripts of the guilty plea, sentencing, motion to quash hearing, and copy of the exhibit introduced at the motion to quash hearing." The Court provided a deadline of September 15, 2011 to correct the deficiencies through a new application. The petitioner did not file a new writ application within the time allowed. The petitioner asserts that on or about July 12, 2013 he was informed by the Louisiana First Circuit Court of Appeal that the writ had been denied almost two years earlier. (R. Doc. 1-2 at 7).

On July 31, 2013, the petitioner signed his pro se application for post-conviction relief in the trial court. The trial court denied the application on September 18, 2013 on the basis that it was time-barred.

On October 3, 2013, the petitioner submitted a "Notice of Intent to Seek Writs." The petitioner submitted his writ application with the Louisiana First Circuit Court of Appeal on October 8, 2013. The petitioner supplemented his writ application on November 8, 2013.

On February 27, 2014, the Louisiana First Circuit Court of Appeal denied the petitioners supervisory writ or review without stating reasons.

On March 19, 2014, the petitioner filed a writ of certiorari with the Louisiana Supreme Court. The Louisiana Supreme Court denied relief on January 16, 2015 on the basis that the writ application was procedurally barred.

On February 17, 2015, the petitioner filed the present application.

## Applicable Law and Analysis

Based upon the foregoing, this Court concludes, as asserted by the State of Louisiana, that the petitioners application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an applications delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state courts disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner was sentenced as a habitual offender on December 6, 2010. Because the petitioner did not appeal or seek reconsideration of his sentence, the judgment became final on January 5, 2011, upon the passage of the time allowed for him to pursue an appeal (30 days after his sentencing).[1] Accordingly, the one-year limitations period for filing a federal habeas corpus application began to run on that date.

On April 11, 2011, however, the petitioner filed a "Motion and Order to Vacate Adjudication of Guilty Plea or in the Alternative Withdraw Guilty Plea." As a result, only 96 days (January 5, 2011 to April 11, 2011) elapsed from the one year limitations period before the petitioner tolled the running thereof through the filing of his motion seeking collateral review of his conviction. The trial court denied the motion on April 18, 2011. The limitations period thereafter remained tolled until the Louisiana First Circuit Court of Appeal denied the relief sought by the petitioner on August 15, 2011, and the limitations period also remained tolled for an additional thirty-day period, or until September 14, 2011, during which the petitioner was authorized by Louisiana procedural rules to seek further review by filing an application for supervisory review in the Louisiana Supreme Court. *See* Louisiana Supreme Court Rule X, §

---

[1] *See, Williams v. Louisiana*, 2011 WL 1527219 (E.D. La. 2011), *citing Roberts v. Cockrell*, 319 F.3d 690, 694-95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken.

5(a) (providing a thirty-day deadline for seeking further review in the Louisiana Supreme Court from a decision of the intermediate appellate court).

The petitioner, however, did not file an application for supervisory review during that interval or seek an extension of time to do so and, as a result, in the absence of statutory or equitable tolling of the limitations period as hereafter discussed, the limitations period began to run again on September 15, 2011, and expired approximately nine months later in June of 2012.

Having found the petitioners application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled to equitable tolling. The record does not reflect that there is any basis for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioners failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioners own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, *supra*, 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 F. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep

on their rights." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner has not shown that he acted diligently in pursuing his post-conviction relief proceedings in the state courts. While the petitioner attempted a collateral challenge of his conviction in April 11, 2011, the Louisiana First Circuit Court of Appeal denied the relief sought on August 15, 2011. The petitioner did not resubmit his motion, as allowed by the Louisiana First Circuit Court of Appeal, or otherwise seek review of the decision by the Louisiana Supreme Court. While the petitioner complains that he did not receive "notice" of the August 15, 2011 decision, he provides no evidence that he sought information regarding the decision from his attorney or the court in a timely fashion. The petitioner asserts that his attorney "failed to answer letters or provide any contact with the Petitioners inquiries" without providing any specifics regarding the attempts to contact counsel. (R. Doc. 1-2 at 6). At no time did petitioner take any other steps to inquire about the status of this case for almost two years. Furthermore, the petitioner argues that his counsel remained in contact with the petitioner's friends Wanda Ruiz and Sandra Porche, who informed the petitioner that his counsel was "awaiting a judgment" from the Louisiana First Circuit Court of Appeal. (R. Doc. 1-2 at 6). The petitioner does not explain, however, why he then waited "twenty-three months" before contacting the Louisiana First Circuit Court of Appeal regarding the status of his writ application. (R. Doc. 1-2 at 6). After this

delay of approximately two years, the petitioner filed an application for post-conviction relief in the trial court in August of 2015. Such an extended period of inactivity cannot be considered reasonable diligence. Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioners constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioners § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on November 27, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**